IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Norfolk Southern Railway Company, | Case No.: _____ |
| Plaintiff, | (Hon. _____) |
| v. | **COMPLAINT FOR** |
| | **DECLARATORY JUDGMENT** |
| Dille Road Recycling, LLC, | **AND OTHER RELIEF** |
| Defendant. | |

## *Introduction*

1.  This matter involves a dispute between plaintiff Norfolk Southern Railway Company ("NSR") and a Euclid, Ohio business, defendant Dille Road Recycling, LLC ("DRR"). DRR owns land and operates a recycling business adjacent to an active rail corridor owned and operated by NSR. Without NSR's permission, DRR also conducts certain activities associated with its business within NSR's active rail corridor.

2.  DRR has informed NSR that it has drafted a **Complaint to Quiet Title in Adverse Possession** (the "Draft Complaint") that it intends to file in the Court of Common

Pleas, Cuyahoga County, Ohio. In other communications between the parties and/or their counsel, DRR has also indicated it may alternatively pursue a claim or claims seeking a prescriptive easement for the NSR property at issue, which is a rectangular, longitudinal strip of property located within the NSR rail corridor and adjacent to DRR, which strip of property is approximately 32' wide and over 600' long, comprising a total area of some .43 acres, more or less (the "Property").

3. All of the Property and NSR's operations over it are subject to the exclusive jurisdiction of the United States Surface Transportation Board ("STB") pursuant to the Interstate Commerce Commission Termination Act of 1995 ("ICCTA") and 49 U.S.C. § 10501(b).

4. At no time has NSR sought or obtained authority pursuant to 49 U.S.C. § 10903 (or an exemption from that statute pursuant to 49 U.S.C. § 10505) to cease operations and remove all or any part of the Property from the STB's jurisdiction.

5. NSR has filed this action seeking a declaratory judgment from this Court that DRR's threatened state law claims of adverse possession and prescriptive easement are wholly preempted by federal law, specifically the jurisdictional provision of ICCTA, 49 U.S.C. § 10501(b), and that DRR is barred from proceeding on such claims.

6. The STB was created under ICCTA and is the federal agency with exclusive jurisdiction over transportation by railroad. The STB has recently determined, in a case referred to it by this very Court, that ICCTA's provisions bar state law claims of adverse possession and prescriptive easement from proceeding. The STB further ruled that, because the claims of adverse possession or an exclusive prescriptive easement were preempted, "there [was] no further action for the [STB] to take in [such a] case." *14500 Limited LLC – Petition for Declaratory Judgment Order*, STB Docket No. FD 35788, 2014 WL 2608812 (June 5, 2014), at

*5, on referral from *14500 Ltd. v. CSX Transp.*, No. 1:12CV1810, Doc. #:16 (N.D. Ohio Nov. 18, 2013).

## *The Parties*

7. NSR incorporates all prior paragraphs.

8. NSR is a Virginia corporation which conducts railroad operations throughout the State of Ohio and the eastern United States.

9. DRR is an Ohio limited liability company located at 1423 Dille Road, Euclid, Ohio, thereby located within the state of Ohio and the Northern District of Ohio.

## *Jurisdiction and Venue*

10. NSR incorporates all prior paragraphs.

11. Jurisdiction is proper under 28 U.S.C. § 1331 because this action arises under the laws of the United States and this Court has the power to grant the declaratory judgment requested herein under Fed. R. Civ. P. 57 and 28 U.S.C. § 2201.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2) as DRR is an Ohio limited liability company located within this district, as is the Property at issue.

## *Background Facts*

13. NSR incorporates all prior paragraphs.

14. NSR is the owner of the Property at issue and/or all rights-of-way associated therewith. The Property, as noted previously, is a rectangular, longitudinal strip of property comprising some .43 acres and located within the NSR rail corridor and adjacent to DRR. A depiction of the Property is attached hereto as Exhibit A. It lies within an active rail corridor that is owned and operated by NSR.

15. In July of 2019, Chelsea Stone, Property Agent for Norfolk Southern Corporation (which is the sole shareholder of NSR and performs various management services on NSR's behalf, including property-related services), notified DRR that it appeared DRR was encroaching on the Property and that NSR would like to resolve such issue. A series of communications followed thereafter, outlined below.

16. In October of 2019, DRR offered a purchase price for the Property.

17. In February of 2020, Ms. Stone responded to DRR, indicating NSR's preference to address DRR's access to and use of the Property through a lease rather than sale. Included with Ms. Stone's response were the proposed terms of a lease for the Property.

18. In March of 2020, DRR, through its counsel, responded to NSR with a copy of the Draft Complaint (a copy of which is attached hereto as Exhibit B), in which DRR contended that the Property has been used exclusively by DRR and its immediate predecessors for well over 21 years, and that such exclusive use has been open, continuous, and notorious. Counsel for DRR included an accompanying letter which reads in relevant part, "In the event we cannot [resolve this matter without time consuming litigation] you will find enclosed a copy of the Complaint which we will file."

19. Later that same month, in-house counsel for NSR responded, noting that DRR's proposed adverse possession claims were preempted by ICCTA.

20. On April 1, counsel for DRR replied, setting out DRR's legal arguments regarding DRR's adverse possession and prescriptive easement claims.

21. On April 3, undersigned counsel for NSR communicated with counsel for DRR, again outlining NSR's position as to ICCTA preemption and STB exclusive jurisdiction.

5242674.1

22. On April 7, undersigned counsel for NSR provided to counsel for DRR, at his request, a copy of NSR's prior, February, 2020 lease proposal.

23. On April 13, 2020, counsel for DRR again proposed a purchase price for the Property, as well as terms for an alternative lease proposal.

24. On April 17, 2020, undersigned counsel for NSR responded to counsel for DRR, agreeing to waive certain fees and potentially extend the term of the lease, but maintaining the required lease payment amounts.

25. On April 27, 2020, counsel for DRR responded, maintaining DRR's position that its claims for adverse possession and prescriptive easement were viable and would prevail, and refusing to provide any further counteroffer to NSR.

26. DRR's position as outlined on April 27, 2020 made it evident to NSR that there would be no resolution of this matter between the parties, and NSR thereafter filed this action.

## COUNT ONE
### Declaratory Judgment (28 U.S.C. § 2201)
### Federal Preemption under ICCTA

27. NSR incorporates all prior paragraphs.

28. A justiciable controversy exists between NSR and DRR regarding ICCTA's preemption of DRR's state law claims of adverse possession and prescriptive easement.

29. Fed. R. Civ. P. 57 and 28 U.S.C. § 2201 provide this Court with the authority to declare the rights and other legal obligations of the parties with respect to this controversy.

30. Pursuant to ICCTA and well-established law, DRR is precluded from proceeding on any state law claim of adverse possession or prescriptive easement over property that is under the exclusive jurisdiction of the STB.

31. Specifically, as provided in 49 U.S.C. § 10501(b):

The jurisdiction of the [STB] over—

(1) transportation by rail carriers and the remedies provided in this part . . .

is exclusive. Except as otherwise provided in this part, <u>**the remedies provided under this part with respect to regulation of rail transportation are exclusive and preempt the remedies provided under Federal or State law**</u>. (Emphasis added.)

32. In this provision, Congress codified an explicit preemption clause. *14500 Ltd. v. CSX Transp.*, No. 1:12CV1810, 2013 WL 1088409 (N.D. Ohio Nov. 18, 2013), at *3.

33. "Transportation" is broadly defined under ICCTA, 49 U.S.C. § 10102(9)(A), and includes "property … related to the movement of … property … by rail."

34. ICCTA defines "rail carrier" in 49 U.S.C. § 10102(5) as a "person providing common carrier railroad transportation for compensation."

35. NSR is a "rail carrier" as defined in 49 U.S.C. § 10102(5).

36. The Property is owned and operated by NSR and is related to the movement of property by NSR as part of the national rail network.

37. The Property has not been removed from the jurisdiction of the STB pursuant to 49 U.S.C. § 10903 (or an exemption from that statute pursuant to 49 U.S.C. § 10505).

38. Despite DRR's contention to the contrary, NSR's current, alleged non-use of the Property does not preclude preemption. Even assuming *arguendo* "that the application of state adverse possession law here might have little, actual, practical effect on current plans for railroad operations, circumstances can change. [Petitioner's] approach to preemption would permit landowners to carve off strips of railroad ROW all over the country for non-rail use, even though the [STB] has not authorized the ROW to be permanently removed from the nation's rail system

6

under Title 49. That untenable result would undermine interstate commerce and the strong federal policy in favor of retaining rail property in the national rail network, where possible." *Jie Ao and Xin Zhou – Petition for Declaratory Order*, STB Docket No. FD 35539, 2012 WL 2047726 (June 6, 2012), at *7.

39. DRR's threatened claim of prescriptive easement relating to the Property is not an easement that crosses over, under, or across a right-of-way, actions that can be accommodated under ICCTA. *See e.g.*, *Maumee & W. R.R..—Pet. for Declaratory Order*, STB Docket No. FD 34354, 2004 WL 395835 (Mar. 3, 2004), at *2 ("routine, non-conflicting uses, such as non-exclusive easements for at-grade crossings, wire crossings, sewer crossings, etc., are not preempted so long as they would not impede rail operations or pose undue safety risks.") Instead, it violates ICCTA because it deprives NSR of the use of its rail property and removes the Property from a railroad corridor without STB authorization. *See 14500 Ltd. v. CSX Transp.*, No. 1:12CV1810, Doc. #:16 (N.D. Ohio Nov. 18, 2013), at *4 (a "prescriptive easement claim is also completely preempted by ICCTA for the same reasons [an] adverse possession/quiet title claim is preempted – i.e. – because it seeks to deprive the railroad of its property that would affect railroad transportation."); *see also*, *Landowners – Motion For Declaratory Order and Injunctive Relief,* STB Docket No. AB 1065 (Sub-No. 1X) (Jan. 24, 2020).

40. NSR is entitled to a declaratory judgment to resolve this dispute and terminate the uncertainty caused by DRR's threatened state court action and claims.

41. NSR lacks an adequate remedy at law because damages for injuries it will sustain for this Count would be difficult, if not impossible, to determine.

7

**WHEREFORE**, plaintiff Norfolk Southern Railway Company respectfully requests the following from this Court:

A. A declaration declaring that any state law adverse possession or prescriptive easement claims allegedly possessed by or threatened to be filed by defendant Dille Road Recycling, LLC are preempted by federal law, and that defendant Dille Road Recycling, LLC is therefore barred from proceeding on such claims;

B. For an award of NSR's reasonable attorneys' fees, costs, and expenses incurred in bringing and maintaining this action; and

C. For any and all other relief deemed just and equitable by this Court under the circumstances.

EASTMAN & SMITH LTD.

/s/ M. Charles Collins
M. Charles Collins (0065077)
One SeaGate, 24th Floor
P. O. Box 10032
Toledo, Ohio 43699-0032
Telephone:  (419) 241-6000
Fax:  (419) 247-1777
Email: mccollins@eastmansmith.com

Attorneys for Plaintiff

5242674.1