# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| NORFOLK SOUTHERN RAILWAY COMPANY, | ) Case No. 1:20-cv-01053 )<br>) Judge J. Philip Calabrese |
| Plaintiff and Counterclaim-Defendant, | )<br>) Magistrate Judge<br>) Jonathan D. Greenberg |
| v. | )<br>) |
| DILLE ROAD RECYCLING, LLC, | )<br>) |
| Defendant and Counterclaim-Plaintiff. | )<br>)<br>) |

## OPINION AND ORDER

Dille Road Recycling, LLC operates its business on property in Euclid, Ohio adjacent to a rail corridor in which Norfolk Southern Railway Company conducts its business.  For its part, Dille Road Recycling has made significant investments in the property that it seeks to preserve through claims of prescriptive easement and easement by estoppel, based on use it traces back decades to its predecessors.  The parties filed cross-motions for summary judgment.  Dille Road Recycling seeks judgment as a matter of law on its claims of prescriptive easement and easement by estoppel, giving it a right of access to a parcel of property on which it has conducted its business, though Norfolk Southern owns it. (ECF No. 35.) Norfolk Southern seeks judgment as a matter of law on the basis that the Interstate Commerce Commission Termination Act of 1995 preempts Dille Road Recycling's claims.  (ECF No. 32.)  For

the reasons that follow, the Court **GRANTS** Dille Road Recycling's motion and **DENIES** Norfolk Southern's motion.

## STATEMENT OF FACTS

Dille Road Recycling operates a recycling business in Euclid, Ohio. (ECF No. 35-1, ¶¶ 1 & 3, PageID #1256 & #1257.) It began leasing the property in 2007 from GRK, Inc., which acquired the property in November 1991. (*Id.*, ¶¶ 5 & 6, PageID #1257.) Dille Road Recycling has exclusively possessed its property for over thirteen years and has been the owner of record since 2017. (*Id.*, ¶¶ 4 & 7.)

The recycling business operates adjacent to an active rail corridor that Norfolk Southern Railway Company owns and operates. (ECF No. 1, ¶¶ 1 & 14, PageID #1 & #3; ECF No. 5, ¶¶ 1 & 14, PageID #23 & #24.) The parcel at issue is a rectangular, longitudinal strip of land, comprising just under half an acre, within Norfolk Southern's rail corridor. (ECF No. 1, ¶¶ 1–2, PageID #1–2; ECF No. 1-1, PageID #10; ECF No. 5, ¶¶ 1–2, PageID #23.) Dille Road Recycling conducts certain activities on this property without Norfolk Southern's permission. (ECF No. 35-1. ¶¶ 12–13, PageID #1258; ECF No. 29, PageID #199–200.) In their respective papers, the parties use the following image to illustrate the location of the property relative to Norfolk Southern (above the rail lines (north)) and Dille Road Recycling (below them, toward the buildings (south)):



(ECF No. 32, PageID #1084; ECF No. 35-1, PageID #1262.) Dille Road Recycling or its predecessors have exclusively used the property since 1994. (ECF No. 35-1, ¶¶ 8 & 9, PageID #1258.) From 1994 to present, a fence across the front entrance of the property set the property aside for the exclusive use of Dille Road Recycling and its predecessors. (ECF No. 29, PageID #206–07; ECF No. 29-8, PageID #313–29; ECF No. 35-1, ¶ 10, PageID #1258.)

In 2007, Dille Road Recycling installed a large truck scale on the property at a cost of approximately $50,000 and made about $10,000 worth of repairs to the existing fence. (ECF No. 35-1, ¶¶ 12–13, PageID #1258.) In late 2015, a representative of Norfolk Southern advised Dille Road Recycling that the truck scale and fence were on the railroad's property. (*Id.*, ¶ 14; ECF No. 29, PageID #210–12.) Additionally, Dille Road Recycling had an environmental report conducted before

3

purchasing the property in 2016, which indicated that part of its operations were on Norfolk Southern's property. (ECF No. 29, PageID #198–200; ECF No. 31-1, PageID #430.) In October 2016, Dille Road Recycling complied with a request from Norfolk Southern to remove debris that had fallen over Dille Road Recycling's fence. (ECF No. 29-12, PageID #335; ECF No. 35-1, ¶ 14, PageID #1258–59.) In June 2018, Dille Road Recycling added new fencing and several gates to the property at a cost of $29,898. (ECF No. 35-1, ¶ 15, PageID #1259; *see also id.*, PageID #1308–09.) And in July 2019, a property agent for Norfolk Southern notified Dille Road Recycling that it was encroaching on the railroad's property and that Norfolk Southern wanted to resolve the issue. (ECF No. 29-15, PageID #343.) A series of communications ensued, including a failed attempt to enter into a lease agreement, resulting in the commencement of this litigation. (ECF No. 1, ¶¶ 16–25, PageID #4–5; ECF No. 5, ¶¶ 16–25, PageID #25.)

## STATEMENT OF THE CASE

Norfolk Southern filed suit seeking a declaratory judgment that federal law preempts Dille Road Recycling's claim to the property at issue through adverse possession and prescriptive easement. (ECF No. 1, ¶¶ 27–41, PageID #5–7.) Dille Road Recycling answered and counterclaimed. (ECF No. 5.) In Count One, the counterclaim seeks a declaration that Dille Road Recycling has a non-exclusive easement "created by an express or implied grant, prescription or implication" (*id.*, ¶ 17, PageID #29), and Count Two asserts that laches bars Norfolk Southern from

4

restricting use of the property at this point in time (*id.*, ¶¶ 16–29, PageID #29–30). Norfolk Southern moved for judgment on the pleadings. (ECF No. 12.)

On February 4, 2021, the Court ruled on Norfolk Southern's motion for judgment on the pleadings. (ECF No. 25.) The Court granted Norfolk Southern's motion to the extent that it sought a declaration that the Termination Act preempts a claim based on adverse possession (*id.*, PageID #148–50 & 152–53), but held that further development of the record was necessary to determine whether it also preempted the prescriptive easement and easement by estoppel claims (*id*, PageID #150–53). Also, the Court held that discovery was necessary to determine whether laches applied. (*Id.*, PageID #152–53.) Following the Court's ruling, and after the close of discovery, the parties filed cross-motions for summary judgment on these remaining claims and defenses.

Norfolk Southern objects to evidence of the proposed lease agreement between the parties. (ECF No. 36, PageID #1343.) However, the Court does not consider the proposed lease in ruling on the parties' cross-motions for summary judgment because it has no direct relevance to the parties' legal claims and defenses. Therefore, Norfolk Southern's objection is **MOOT**. *See Rangel v. Paramount Heating & Air Conditioning, LLC.*, No. 2:17-cv-473, 2020 WL 1080418, at *6 (S.D. Ohio Mar. 6, 2020).

## ANALYSIS

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

5

matter of law." Fed. R. Civ. P. 56(a). On a motion for summary judgment, "the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "The party seeking summary judgment has the initial burden of informing the court of the basis for its motion" and identifying the portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Tokmenko v. MetroHealth Sys.*, 488 F. Supp. 3d 571, 576 (N.D. Ohio 2020) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). The non-moving party must then "set forth specific facts showing there is a genuine issue for trial." *Id.* (citing *Anderson*, 477 U.S. at 250).

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the Court determines "whether the evidence presents a sufficient disagreement to require submission to a jury" or whether the evidence "is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52. In doing so, the Court must view the evidence in the light most favorable to the non-moving party. *Kirilenko-Ison v. Board of Educ. of Danville Indep. Schs.*, 974 F.3d 652, 660 (6th Cir. 2020) (citing *Matsushita Elec. Indus. Co.*, 475 U.S. at 587).

If a genuine dispute exists, meaning "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," summary judgement is not appropriate. *Tokmenko*, 488 F. Supp 3d at 576 (citing *Anderson*, 477 U.S. at 250). If

6

the evidence, however, "is merely colorable or is not significantly probative," summary judgment for the movant is proper. *Id.* The "mere existence of some factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (quoting *Anderson*, 477 U.S. at 247–48).

"Just as plaintiff may not rely on conclusory allegations to proceed past the pleading stage, so too a plaintiff may not rely on conclusory evidence to proceed past the summary-judgment stage." *Viet v. Le*, 951 F.3d 818, 823 (6th Cir. 2020) (cleaned up). "Conclusory statements unadorned with supporting facts are insufficient to establish a factual dispute that will defeat summary judgment." *Id.* (quoting *Alexander v. CareSource*, 576 F.3d 551, 560 (6th Cir. 2009)).

"[W]here, as here, the parties filed cross-motions for summary judgment, 'the court must evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration.'" *McKay v. Federspiel*, 823 F.3d 862, 866 (6th Cir. 2016) (quoting *Taft Broad. Co. v. United States*, 929 F.2d 240, 248 (6th Cir. 1991)). Therefore, cross-motions for summary judgment do not warrant granting summary judgment unless one of the parties is entitled to judgment as a matter of law on facts that are not genuinely disputed. *Langston v. Charter Twp. of Redford*, 623 F. App'x 749, 755 (6th Cir. 2015).

## I. Norfolk Southern's Motion for Summary Judgment

Norfolk Southern argues that the Interstate Commerce Commission Termination Act of 1995 preempts Dille Road Recycling's claims for a prescriptive

7

easement and easement by estoppel. Under the Termination Act, the Surface Transportation Board has exclusive jurisdiction over rail carriers that extends to all remedies otherwise available under State law. 49 U.S.C. § 10501(b). Specifically, the Termination Act provides:

> The jurisdiction of the Board over—
>
> (1) transportation by rail carriers, and the remedies provided in this part with respect to rates, classifications, rules (including car service, interchange, and other operating rules), practices, routes, services, and facilities of such carriers; and
>
> (2) the construction, acquisition, operation, abandonment, or discontinuance of spur, industrial, team, switching, or side tracks, or facilities, even if the tracks are located, or intended to be located, entirely in one State,
>
> is exclusive. Except as otherwise provided in this part, the remedies provided under this part with respect to regulation of rail transportation are exclusive and preempt the remedies provided under Federal or State law.

*Id.*

Under the Termination Act, the term "transportation" includes a "warehouse . . . property, facility, instrumentality, or equipment of any kind related to the movement of passengers or property, or both, by rail, regardless of ownership or an agreement concerning use." *Id.* § 10102(9)(A). Further, it includes "services related to that movement . . . and interchange of passengers and property." *Id.* § 10102(9)(B). For purposes of the Termination Act, a "railroad" means "a switch, spur, track, terminal, terminal facility, and a freight depot, yard, and ground, used or necessary for transportation." *Id.* § 10102(6)(C).

8

Under the law of this Circuit, the Termination Act "preempts all state laws that may reasonably be said to have the effect of managing or governing rail transportation, while permitting the continued application of laws having a more remote or incidental effect on rail transportation." *Adrian & Blissfield R.R. Co. v. Village of Blissfield*, 550 F.3d 533, 539 (6th Cir. 2008) (quotations omitted). Further, the Sixth Circuit follows the Board's test for determining whether and the extent to which the Act preempts State remedies. *Id.* (quoting *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 332 (5th Cir. 2008)). State remedies are permissible so long as (1) the remedies are not unreasonably burdensome, and (2) the remedies do not discriminate against railroads. *Id.* at 541 (citations omitted). The touchstone of the analysis "is whether the state regulation imposes an unreasonable burden on railroading." *Id.* (quoting *New York Susquehanna & W. Ry. Corp. v. Jackson*, 500 F.3d 238, 253 (3d Cir. 2007)).

### I.A. Preemption of Dille Road Recycling's Use of the Property

At the pleading stage, the Court denied Norfolk Southern's motion for judgment as a matter of law because the pleadings were "silent on whether Dille Road Recycling's use of the property necessarily excludes Norfolk Southern and on whether Dille Road Recycling's use burdens Norfolk Southern, rail use of the property, or interstate commerce more generally." (ECF No. 25, PageID #149.) On summary judgment, Norfolk Southern argues that Dille Road Recycling's use of the property excludes it altogether and is "so draconian that it prevents the railroad from carrying out its business." (ECF No. 32, PageID #1083–84.)

9

In support of its argument, Norfolk Southern points to the fact that Dille Road Recycling's semi-truck weighing scale, which cannot be relocated elsewhere, is located on the railroad's property. (ECF No. 29, PageID #249 & #251.) A fence and locked gates surround the scale. (*Id.*, PageID #192.) Based on these facts, Norfolk Southern contends that the Termination Act preempts Dille Road Recycling's claim to the property because its use of the parcel excludes and burdens Norfolk Southern. (ECF No. 32, PageID #1087.)

The record shows that Dille Road Recycling's use of the property does not entirely exclude Norfolk Southern. (ECF No. 29, PageID #253–54; ECF No. 30, PageID #389.) As for the burden to Norfolk Southern, the company admittedly does not presently use the parcel at issue and has no plans to do so. (ECF No. 35, PageID #1237.) It contends that Dille Road Recycling's use of the property would require it to share access to the property and coordinate any potential use of it, potentially including use of sub-optimal portions of the parcel. But inconvenience does not, as a matter of law, elevate non-exclusive or shared use of property to an unreasonable interference with railroad operations such that the Termination Act preempts State remedies. The Act simply does not go that far. "A hypothetical future inconvenience does not resemble the clear, present, and tangible impacts the [Surface Transportation Board] has deemed an undue burden." *Zayo Group, LLC v. Norfolk S. Ry. Co.*, No. 1:21-cv-600, 2022 WL 243897, at *2 (M.D. Pa. Jan. 25, 2022) (citations omitted).

10

Indeed, non-exclusive easements "are not preempted, as long as they do not impede rail operations or pose undue safety risks." *Jie Ao and Xin Zhou Petition for Declaratory Order*, No. FD 35539, 2012 WL 2047726, at *6 (S.T.B. June 4, 2012). Such is the case here. Nothing in the record suggests Dille Road Recycling's use of the property presents a safety risk or impedes rail operations. Nor does the record show any discrimination against railroads in the State remedies Dille Road Recycling seeks. As applied to the facts presented, the Termination Act does not preempt State laws that have the type of remote or incidental effect on rail transportation at issue. *Adrian & Blissfield R.R.*, 550 F.3d at 539. Therefore, the Court **DENIES** Norfolk Southern's motion for summary judgment on this basis.

### I.B. Recent Authorities

In support of its argument that Dille Road Recycling's use of the parcel unreasonably burdens railroad transportation, Norfolk Southern relies heavily on the Fourth Circuit's decision in *Skidmore v. Norfolk Southern Railway Co.*, 1 F.4th 206 (4th Cir. 2021). There, the railroad installed a culvert to drain its tracks into a creek, which allegedly caused erosion that threatened the foundation of a house some eighty feet away. The owner of the home filed suit in State court for adverse possession, prescriptive easement, and other State-law claims. When the railroad discovered a survey and deed from 1903 giving it a right of way over nearby lands, including the parcel on which the house sat, it removed the case arguing that the Termination Act completely preempts the homeowner's State-law claims.

The district court ruled that the Termination Act completely preempts State-law claims for adverse possession and prescriptive easement for jurisdictional

11

purposes, and the Fourth Circuit affirmed. *Id.* at 218.[1] Key to the court's analysis was the relief the plaintiff in *Skidmore* sought: exclusive use of land within the railroad's right of way, on which her house sat. In fact, nonexclusive use of the sort at issue between Dille Road Recycling and Norfolk Southern was fundamentally incompatible with what the plaintiff in *Skidmore* sought to achieve—namely, protecting her home's foundation against further erosion by excluding the railroad from the creek.

In contrast, Dille Road Recycling seeks a non-exclusive use. "[E]asements that don't 'take railroad property outright' don't necessarily 'affect the rail network in the same way as carving out property that is part of the railroad.'" *Id.* at 215 (quoting *Ao-Zhou*, 2012 WL 2047726, at *7). Simply put, Dille Road Recycling's use of the property does not have the effect on railroad operations that the Termination Act preempts. *Cf. Skidmore*, 1 4th at 215. For these reasons, *Skidmore* is distinguishable.

Similarly, a recent decision from the Ohio Supreme Court does not affect the analysis. In *State v. CSX Transportation, Inc.*, 2022-Ohio-2832 (Aug. 17, 2022), the Ohio Supreme Court held that Termination Act preempts the State's anti-blocking law, which makes it a misdemeanor for a stopped train to block a railroad crossing for more than five minutes. Reasoning that it conflicted with the Surface

---

[1] This procedural posture did not result in dismissal of the plaintiff's claims because complete preemption for purposes of jurisdiction results in recharacterization or amendment to state claims under the applicable federal law. *Id.* at 218; *see also Piszczek v. Medical Mut. of Ohio*, No. 1:22-cv-1143 (Sept. 12, 2022) (ERISA).

Transportation Board's exclusive jurisdiction to regulate the movement of people or goods by rail, the Ohio Supreme Court concluded that the State's anti-blocking law "regulates, manages, and governs rail traffic." *Id.* at ¶¶ 3 & 15. This case has no bearing here because it deals with preemption of an anti-blocking statute that imposes criminal penalties on railcars moving (or not, as it were) in interstate commerce, not whether State-law causes of action governing property rights discriminate against or impose unreasonable burdens on a railroad.

### I.C. Unclean Hands

Additionally, Norfolk Southern argues that Dille Road Recycling is not entitled to a prescriptive easement or easement by estoppel because "it comes to this Court with unclean hands." (ECF No. 36, PageID #1340.) Generally, "the doctrine of unclean hands is an equitable defense 'that closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief, however improper may have been the behavior of the defendant.'" *Grupo Condumex, S.A. de C.V. v. SPX Corp.*, 331 F. Supp. 2d 623, 627 (N.D. Ohio 2004), *aff'd*, 195 F. App'x 491 (6th Cir. 2006) (quoting *Precision Instrument Mfg. Co. v. Automotive Maint. Mach. Co.*, 324 U.S. 806, 814 (1945)). Under the doctrine of unclean hands, a litigant is barred from equitable relief if the litigant "has engaged in bad faith or unconscionable conduct that relates to the subject matter of the action and is directed at the [opposing party]." *Pierce v. Apple Valley, Inc.*, 597 F. Supp. 1480, 1485 (S.D. Ohio 1984) (citations omitted).

Applying these principles to this case, the record does not show that Dille Road Recycling engaged in misconduct that bars it from proceeding in equity. Norfolk

13

Southern argues that Dille Road Recycling is not entitled to equitable relief because it purchased its property knowing that Norfolk Southern was the proper owner of the disputed parcel. (ECF No. 36, PageID #1341–42.) In support of its argument, Norfolk Southern directs the Court to a Phase I report on the property conducted at the request of Dille Road Recycling. (*Id.*, PageID #1342.) The report makes clear that Dille Road Recycling was not the proper owner of the property at issue. (ECF No. 31-1, PageID #430.) It describes the property as follows: "To the northwest is a railroad right-of way (ROW) property and tracks, some of the Dill Road Recycling operations are on [Norfolk Southern's] property; Mr. Joseph Krash, the operator of Dille Road Recycling, said that their use of the railroad property is approved because of squatters rights." (*Id.*) In other words, Dille Road Recycling asserted possessory interest in the property. But the record stops short of showing bad faith or unconscionable conduct on the part of Dille Road Recycling. It might have acted tactically or strategically, but without more such conduct does not close the doors of equity. On this record as it stands, the Court cannot say that Dille Road

Therefore, the Court **DENIES** Norfolk Southern's motion for summary judgment on its claim that Dille Road Recycling is subject to the doctrine of unclean hands.

## II.     Dille Road Recycling's Motion for Summary Judgment

Dille Road Recycling moves for summary judgment on its counterclaims for prescriptive easement and easement by estoppel. (ECF No. 35, PageID #1249–51.)

### I.A. Prescriptive Easement

"Prescriptive easements are not favored in law, because the legal titleholder forfeits rights to another without compensation." *Cadwallader v. Scovanner*, 178 Ohio App. 3d 26, 2008-Ohio-4166, 896 N.E.2d 748, ¶ 9 (Ohio Ct. App.) (citation omitted). Consequently, "one who claims an easement by prescription has the burden of proving by clear and convincing evidence all the elements essential to the establishment thereof." *Fitzpatrick v. Palmer*, 186 Ohio App. 3d 80, 2009-Ohio-6008, 926 N.E.2d 651, ¶ 26 (Ohio Ct. App.) (quotation omitted). To establish a prescriptive easement, the moving party must show that it used the property (1) openly, (2) notoriously, (3) adversely to the servient property owner's property rights, (4) continuously, and (5) for a period of at least 21 years." *Cadwallader*, 2008-Ohio-4166, at ¶ 55.

In their respective papers, the parties agreed that Dille Road Recycling's use of the parcel at issue likely satisfies the elements of a prescriptive easement (assuming the periods of its predecessors tack). (*See* [ECF No. 5](), ¶ 6, PageID #27; [ECF No. 12](), PageID #65.) However, on summary judgment, it is Dille Road Recycling's burden to establish that it is entitled to judgment as a matter of law. *Langston v. Charter Twp. of Redford*, 623 F. App'x 749, 755 (6th Cir. 2015).

### I.A.1. Open and Notorious Use

Use of property "without attempted concealment" constitutes "open" use, and where that use is "known to some who might reasonably be expected to communicate their knowledge to the owner if he maintained a reasonable degree of supervision over his premises" it is also "notorious." *Hindall v. Martinez*, 69 Ohio App. 3d 580,

15

583, 591 N.E.2d 308 (Ohio Ct. App. 1990) (citation omitted). Here, the record leaves no question that Dille Road Recycling openly and notoriously used the property. A fence across the front entrance of the property that has existed from 1994 to the present demonstrates Dille Road Recycling's open use of the parcel, which it did not attempt to conceal. ([ECF No. 29](), PageID #206–07; [ECF No. 29-8](), PageID #313–29.) It also establishes a notorious use. An owner of the property exercising a reasonable degree of supervision would, without question, know of Dille Road Recycling's use of the property. Indeed, in 2019 Norfolk Southern discovered Dille Road Recycling's encroachment on its property, and nothing in the record suggests that it could not have done so years earlier through the exercise of reasonable diligence or ordinary care.

### I.A.2. Adverse Use

"Use of a claimed prescriptive easement is 'adverse' when it is without the permission of, or inconsistent with the rights of the true property owner." *Harris v. Dayton Power & Light Co.*, 2016-Ohio-517, ¶ 20, 56 N.E.3d 399 (Ohio Ct. App.) (quoting *Dunn v. Ransom*, 2011-Ohio-4253, ¶ 91 (Ohio Ct. App.)). Based on the record on summary judgment, Dille Road Recycling adversely used the parcel belonging to Norfolk Southern. The record shows that at no time did Dille Road Reycling or its predecessor, GRK, Inc., possess or use the parcel with Norfolk Southern's consent. Therefore, Dille Road Recycling adversely used the property.

### I.A.3. Continuous Use for 21 Years

"[T]o show that the adversity element existed for twenty-one years, the occupier may 'tack' his adverse use with the adverse use of his predecessors in

16

privity." *Eckman v. Ramunno*, 2010-Ohio-4316, ¶ 41 (Ohio Ct. App.) (citing *Zipf v. Dalgarn*, 114 Ohio St. 291, 296, 151 N.E. 174 (1926)). Here, the record shows that GRK possessed the property since November 1991. (ECF No. 35-1, ¶¶ 5 & 6, PageID #1257.) And Dille Road Recycling is in privity of contract with GRK. (*Id.*, ¶¶ 5 & 6, PageID #1257.) Norfolk Southern does not dispute these facts. Therefore, Dille Road Recycling's open, notorious, and adverse use of the property existed for a continuous period of at least 21 years.

### I.B. Easement by Estoppel

Because the Court concludes that Dille Road Recycling is entitled to a prescriptive easement, it need not address whether Dille Road Recycling is entitled to an easement by estoppel.

### I.C. Laches

Dille Road Recycling also argues that Norfolk Southern's claims are barred by the doctrine of laches. Specifically, Dille Road Recycling asserts that Norfolk Southern unreasonably delayed in filing suit to the prejudice of Dille Road Recycling. (ECF No. 35, PageID #1252.) Because the Court concludes that Dille Road Recycling is entitled to judgment as a matter of law on its claim for a prescriptive easement, thereby awarding summary judgment to Dille Road Recycling, it need not address the parties' arguments regarding laches.

## CONCLUSION

For the foregoing reasons, the material facts are clear and undisputed and that they entitle Dille Road Recycling to judgment as a matter of law. This case presents the rare circumstance where a party can show by clear and convincing evidence that

State law creates an easement by prescription. Therefore, the Court **GRANTS** summary judgment in favor of Dille Road Recycling on its claim of prescriptive easement. ([ECF No. 35](#).) Further, the Court **DENIES** Norfolk Southern's motion for summary judgment ([ECF No. 32](#).) Specifically, the Court concludes that the Interstate Commerce Commission Termination Act of 1995 does not preempt Dille Road Recycling's claims of prescriptive easement and easement by estoppel. Nor does the doctrine of unclean hands bar Dille Road Recycling's claims.

    **SO ORDERED.**

Dated: December 6, 2022

                                                J. Philip Calabrese
                                                United States District Judge
                                                Northern District of Ohio